UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRYAN MUNCH** | * | **CIVIL ACTION NO.** |
|     **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **SECTION ""** |
| | * | |
| **NEW ORLEANS & GULF** | * | |
| **COAST RAILWAY COMPANY** | * | **JUDGE** |
|     **Defendant** | * | **MAGISTRATE** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT FOR DAMAGES

**COMES NOW**, through undersigned attorney, Plaintiff, Bryan Munch, a person of the full age of majority, and a resident of the Parish of Jefferson, State of Louisiana, and respectfully represents the following:

**I.**

Defendant, New Orleans & Gulf Coast Railway Company (hereinafter referred to as "NOGCR"), a wholly owned subsidiary of Rio Grande Pacific Corporation, is a corporation duly organized and existing under the laws of the State of Delaware, authorized to do and doing business in the Eastern District of Louisiana, State of Louisiana.

**II.**

This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C., Sec. 51, *et seq.*, and the Federal Safety Appliance Act, Title 49 U.S.C. Sec. 20301, *et seq.*, to recover damages for personal injuries sustained by Plaintiff while employed by Defendant NOGCR and while engaging in interstate commerce.

**III.**

Jurisdiction of this Honorable Court is conferred by 28 U.S.C. Sec. 1337.

**IV.**

On or about February 28, 2012, Plaintiff was employed by Defendant NOGCR as a brakeman trainee at its Westwego Louisiana Yard and his duties then and at the time of the injury hereinafter recited, were part and parcel of the operation of Defendant's lines in interstate commerce.

**V.**

Defendant NOGCR is and was at all times mentioned herein, a common carrier by railroad; owning, operating, and maintaining in interstate commerce, a railway system, involving railroad tracks and facilities located in Westwego, Louisiana.

**VI.**

On February 28, 2012, while performing his duties in his usual customary and safe manner, as a brakeman trainee for Defendant railroad, Plaintiff was working a job which required Plaintiff to deliver, switch and spot cars at various industries in the area. In the course of performing the duties assigned by his employer, Plaintiff was attempting to climb onto a tank car, when he reached for the grab iron/handhold, which was not properly secured and caused him to violently fall backward, landing with his back across the rail of the adjacent track and striking his head against a cross tie and/or the ballast, resulting in severe and disabling injuries to his back, head, and neck, *inter alia.*

**VII.**

Under the provisions of 45 U.S.C. Sec. 51, *et seq.,* Defendant NOGCR had a non-delegable duty to provide Plaintiff with a reasonably safe place in which to work; thus, NOGCR must stand responsible for the injuries and damages it caused to Plaintiff.

**VIII.**

Plaintiff avers that his accident was caused wholly and entirely as a consequence of the negligence of Defendant in the following non-exclusive particulars:

1. In that NOGCR failed to provide Plaintiff with a reasonably safe place in which to work;

2. In that NOGCR failed to inspect and provide proper inspection (lack of car inspectors in the Westwego Yard), maintenance and repair of the cars to be certain same were safe (secure grab irons and handholds) for its employees, including Plaintiff;

3. In that NOGCR failed to exercise due care and caution commensurate with the surrounding circumstances;

4. In that NOGCR failed to inspect, maintain and repair the cars and appurtenances and its roadbed to be certain same would function properly and safely when its employees, including Plaintiff, had to perform their job duties;

5. In that NOGCR failed to provide Plaintiff with safe equipment to perform his job safely;

6. In that NOGCR failed to provide a crew of sufficient size and training;

7. In that NOGCR failed to provide sufficient training to Plaintiff;

8. In that NOGCR failed to provide Plaintiff, a brakeman trainee, sufficient supervision;

   and

9. Any and all other acts or omissions of negligence which will be fully demonstrated at the trial on the merits of this matter.

**IX.**

Defendant is also liable to Plaintiff for its failure to comply with and its violation of the Federal Safety Appliance Act, 49 U.S.C. Sec. 20301, *et seq.,* concerning the defective and unsecure grab irons and handholds on the railroad tank car, which caused Plaintiff's injuries and damages herein.

**X.**

Plaintiff avers that he was in no way at fault nor did he negligently contribute to the accident in any fashion.

**XI.**

Plaintiff further avers that at the time of the accident and injuries, he was an able-bodied railroad worker earning substantial wages; that as a direct and proximate result of the negligence of Defendant NOGCR under the Federal Employers' Liability Act and its violation of the Federal Safety Appliance Act Statutes, Plaintiff received severe injuries resulting in past lost wages, medical expenses, future lost earnings and fringe benefits as well as past and future mental anguish and physical pain and suffering for which he demands recovery.

**XII.**

Plaintiff seeks recovery reasonable in the premises for the following elements of damages resulting from the accident:

1. Physical pain and suffering, past and future;
2. Mental anguish, past and future;
3. Past lost wages to the date of trial;
4. Loss of future earnings and fringe benefits, diminished earning capacity and diminished labor market access; and

5. Unpaid medical expenses, past and future.

**WHEREFORE**, Plaintiff, Bryan Munch, prays that Defendant, New Orleans & Gulf Coast Railway Company, be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, Bryan Munch, and against Defendant, New Orleans & Gulf Coast Railway Company, for any and all damages reasonable in the premises, together with legal interest thereon from date of judgment, until paid, and for all costs of these proceedings.

        **Respectfully submitted,**

        **ROME, ARATA, BAXLEY & STELLY, L.L.C.**

        **BY:** _____*/s/ W. Chad Stelly*_____
        **BLAKE G. ARATA, JR., ESQ. Bar No. 1697**
        **C. PERRIN ROME, III, ESQ. Bar No. 17774**
        **W. CHAD STELLY, ESQ. Bar No. 21140**
        650 Poydras Street, Suite 2017
        New Orleans, Louisiana 70130
        Telephone: (504) 522-9980
        Facsimile: (504) 522-9971
        E-mail: barata@romearata.com
                  wcstelly@romearata.com
        *Attorneys for Plaintiff, Bryan Munch*